# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MAURICE MARKELL FELDER,     *

Plaintiff     *

v     *     Civil Action No. ELH-16-3469

ISIAH LEGGETT, County Executive for     *
  Montgomery County
MARCUS JONES, Captain,     *
  Montgomery County Police Department
Montgomery County Police Officer     *
  TIMOTHY BETTIS,
Montgomery County Police Officer     *
  ROBERT JOHNSON,
Montgomery County Police Officer     *
  EDWARD DREW,
Montgomery County Officer     *
  CHRIS MURRAY,
*In their individual and official capacities,*     *

Defendants[1]
                                                ***

## **MEMORANDUM**

      Plaintiff Maurice Felder, who is self-represented, filed suit against a host of defendants, asserting multiple claims, including for damages, declaratory judgment, and injunctive relief. In particular, Felder claims that defendants have used or allowed the use of excessive force, in violation of plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.[2]

---

      [1] The Clerk shall amend the docket to reflect the full and proper spelling of defendants' names, as set forth in the caption. *See* ECF 16 at 1, n.1.

      [2] Suit was filed in the District Court for the District of Columbia. It was transferred to this Court by an Order of September 15, 2016. *See* ECF 3.

Defendants have moved to dismiss the suit for failure to state a claim. ECF 16 ("Motion"). They also submitted exhibits with their Motion. On February 16, 2017, a Rule 12 notice was sent to plaintiff, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* ECF 17. In the notice, Felder was advised of his right to respond within seventeen days, and that failure to respond could result in dismissal of the case. Felder has not responded, and the time to do so has expired.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion in part and deny it in part.

## I. Factual Background[3]

On July 15, 2014, a member of the Montgomery County Police Department ("MCPD") met with the victim of an armed robbery, in Silver Spring, Maryland, who reported that someone with a handgun had accosted her and stolen her pursue and iPhone. The robber was described as an African-American male wearing dark clothing and a mask. The phone's features included a global positioning system to track the device. With permission of the victim, an officer activated the "Find My iPhone" application, which indicated the phone was a few miles away in the

---

[3] This narrative is gleaned from *Felder v. State of Maryland*, 2016 WL 704913 (Md. Ct. Spec. App. Feb. 23, 2016) (unpublished). *See* ECF 16-2. I may take judicial notice of the decision. "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015); *see* Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In particular, pursuant to Fed. R. Evid. 201, a court may take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute," in that it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

District of Columbia. The location of the stolen phone was radioed to other MCPD officers. Ultimately, several MCPD officers converged on a vehicle driven by Maurice Felder, located in Washington, D.C.

While the vehicle was stopped, Corporal Haak ordered Felder to halt. When Felder ran, Haak and other MCPD officers pursued him. During the chase, Haak saw Felder reaching for his waistband before stopping, turning, and "squared up" on the officers who, with guns drawn, ordered him to the ground. Felder paused, then ran again before being apprehended. In plain view, through the car window, the police saw the victim's purse. A handgun was found where Felder "squared up" during the chase. A search of Felder's person led to the recovery of the victim's credit cards. However, the iPhone was never recovered.

In the Circuit Court for Montgomery County, Felder moved to suppress the evidence recovered upon his arrest, on the basis that the arresting officers violated the Uniform Act on Fresh Pursuit[4] by arresting him in the District of Columbia, despite the fact that the robbery occurred in Maryland, and that the police did not have probable cause to make a warrantless arrest. The motion was denied. Following a jury trial in that court, Felder was convicted of robbery and, on April 1, 2015, sentenced to fifteen years' imprisonment, with all but eight years suspended, and five years of supervised probation.[5] He remains incarcerated within Maryland's Division of Correction and is currently housed at Jessup Correctional Institution.

In this civil rights action pursuant to 42 U.S.C. § 1983, Felder complains that MCPD officers at the scene of his arrest — Bettis, Johnson, Drew, and Murray — improperly pursued

---

[4] The Act, which authorizes police officers from one state to enter another to arrest suspects under certain circumstances, is codified at Md. Code, Crim. Proc. Art., § 2-204 *et seq.* It is substantively identical to the District of Columbia's Act, found at D.C. Code § 23-901.

[5] *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

him from Montgomery County, Maryland into the District of Columbia. Further, he claims the officers used excessive force during his arrest, broke his jaw, and failed to intervene to stop the alleged beating. ECF 1 at 6-7, Causes of Action III through VI. Felder also names Montgomery County Executive Leggett and MCPD Captain Jones for failing to train and supervise these officers to prevent violation of the "fresh pursuit" doctrine and curtail the use of excessive force during arrest. ECF 1 at 5-6, Causes of Action I and II. Felder, who is self-represented, has sued defendants in both their official and individual capacities, alleging they violated his Fourth, Fifth, Eighth and Fourteenth Amendment rights. He seeks compensatory and punitive damages.[6] As the court is unable to glean a Fifth, Eighth, or Fourteenth Amendment violation from the narrative set forth in the Complaint, it shall confine its examination of Felder's claims to the Fourth Amendment.[7]

Defendants have filed an unopposed motion to dismiss on behalf of Montgomery County Executive Isiah Leggett, MCPD Captain Marcus Jones, and four MCPD officers involved in Felder's arrest. ECF 16.[8] The motion is ripe for disposition, and no hearing is necessary. *See*

---

[6] Felder seeks declaratory relief regarding his claims of wrongful arrest, excessive use of force, and failure to train, and injunctive relief mandating that MCPD implement a program to instruct, train, and monitor compliance with the fresh pursuit provisions of the Act. For reasons apparent herein, he cannot prevail on these claims and declaratory and injunctive relief shall be denied. Felder's request for appointment of counsel, contained in ECF 1 at 9, shall be denied, without prejudice, pending further responsive pleading.

[7] Claims of excessive force during the course of an arrest are governed by the Fourth Amendment, while excessive force claims arising out of pretrial detention are governed by the Fourteenth Amendment. *See Bibum v. Prince George's Co.,* 85 F.Supp.2d 557, 562 (D. Md. Jan. 13, 2000); *see also Riley v. Dorton*, 115 F.3d 1159, 1161 (4th Cir. 1997) (en banc) (citing *Graham v. Connor,* 490 U.S. 386, 388 (1989)).

[8] As noted, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk informed Felder on February 16, 2017, that defendants had filed a dispositive motion. He was told that he had seventeen days in which to file a written opposition to the motion, and that if he failed to respond, his case could be dismissed. *See* ECF 17.

Local Rule 105.6 (D. Md. 2016). For the reasons outlined below, the court will grant in part and deny in part defendants' Motion.

## II. Standard of Review

The pending motion filed by defendants seeks dismissal under Fed. R. Civ. 12(b)(6). A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ___, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the well-pleading allegations are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Hall v. DirecTV, LLC*, ___F.3d ___, No. 15-1857, 2017 WL 361065, at *4 (4th Cir. Jan. 25, 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect

statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Here, defendants attached various documents to support the Motion. *See* ECF 16-3. Under limited exceptions, a court may consider documents outside the complaint, without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am.*

*Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id*.

### III. Discussion

Felder's Fourth Amendment claim regarding his arrest and conviction following his pursuit from Montgomery County, Maryland to the District of Columbia fails as a matter of law. In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, or invalidated, and complaints containing such claims must therefore be dismissed, without prejudice. Put another way, Felder's claims for damages cannot be entertained by this court unless he has successfully challenged his criminal conviction. Felder's direct appeal to the Maryland Court of Special Appeals was unsuccessful, and it does not appear that he has pursued a collateral attack of his conviction.[9] Should collateral attack

---

[9] I was unable to determine if plaintiff sought a writ of certiorari to the Maryland Court of Appeals.

prove successful and, as a result, a court overturns his conviction, he may then re-file his constitutional claim for declaratory and injunctive relief and damages resulting from his arrest.

Felder's claim alleging the use of excessive force on the part of the arresting officers survives dismissal under Rule 12(b)(6). The Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of "seizures effectuated by excessive force." *Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006). Claims of excessive force during an arrest are examined under the Fourth Amendment's objective reasonableness standard. *See Scott v. Harris*, 550 U.S. 372, 381 (2007); *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Kentucky v. King*, 563 U.S. 452, 464-65 (2011) ("Our [Fourth Amendment] cases have repeatedly rejected a subjective approach, asking only whether the circumstances, viewed objectively, justify the action.") (internal quotation marks and citations omitted). None of the officers provides a statement describing his role in pursuing and apprehending Felder, and the motion to dismiss does not dispute that Felder sustained a broken jaw during the event.

Felder also sued County Executive Leggett and MCPD Captain Jones in their official capacities. However, Felder does not allege any personal involvement by either Leggett or Jones incident to his arrest, and thus cannot proceed against them in their individual capacities. *See Rizzo v. Goode,* 423 U.S. 362, 377 (1976) (official not liable in civil rights action unless directly and personally participating in conduct depriving plaintiff of constitutional rights); *Wilkins v. Whitaker,* 714 F.2d 4, 6 (4th Cir. 1983); *Richardson v. Shaw,* 340 F. Supp. 1261, 1262 (D. Md. 1972) (liability of police chief). His lawsuit is, essentially, an action against the municipal government, Montgomery County, Maryland. *See Kentucky v. Graham,* 473 U.S. at 166; *Monell v. New York Dept. of Soc. Serv.,* 436 U.S. 658, 690 n. 55 (1978).

Liability cannot be established unless the constitutional injury was caused by an action taken to execute or implement a governmental policy or custom, and the policy or custom must have provided the "moving force" behind the deprivation. *Monell,* 436 U.S. at 690-95; *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). To establish liability for custom or practice, there must be governmental acquiescence of such widespread and longstanding nature that it is deemed authorized by policymakers who knew or should have known of the practice and failed to stop it. *Spell v. McDaniel,* 824 F.2d 1386, 1387 (4th Cir. 1986).

Felder provides no allegations to support a *Monell* claim, other than those surrounding his own arrest and injury. In other words, he does not include any allegations to show that Montgomery County's police department has a policy or custom of insufficient training with regard to its policies of cross-jurisdictional pursuit or use of force. This court "need not accept conclusory factual allegations devoid of any reference to actual events," *Lanford v. Prince George's County,* 199 F. Supp. 2d 297 (D. Md. 2002); *see also Holloman v. Markowski,* 661 Fed. App'x 797 (4th Cir. 2016) ("To prevail on a *Monell* claim, [plaintiff] 'must point to a persistent and widespread practice[ ] of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference.'") (some quotations omitted) (quoting *Owens v. Baltimore City State's Attorney's Office,* 767 F.3d 379, 402 (4th Cir. 2014) *(*quoting *Spell v. McDaniel,* 824 F.2d at 386-91 (4th Cir. 1987) (alteration in *Owens*; alteration added). Felder's claims against Leggett and Jones shall be dismissed.

## IV. Conclusion

As reflected herein, defendants' motion to dismiss is granted in part and denied in part. Felder's claims against Leggett and Jones for failure to train and supervise (Causes of Action I and

II) are dismissed; the allegations of improper pursuit and arrest by defendants Bettis, Johnson, Drew and Murray (Causes of Action III-VI) are dismissed, without prejudice; and the claims of use of excessive force during arrest shall require further response by Bettis, Johnson, Drew and Murray.

A separate Order follows.

April 26, 2017 _____/s/_____
Date Ellen L. Hollander
United States District Judge