IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAURICE MARKELL FELDER, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-3469 |
| Officer TIMOTHY BETTIS, Officer ROBERT JOHNSON, Officer EDWARD DREW, Officer CHRIS MURRAY, *In their individual and official capacities* | * * | |
| Defendants | * | |

***

**MEMORANDUM**

In this civil rights action filed by Maurice Felder, plaintiff, pursuant to 42 U.S.C. § 1983, plaintiff complains that Montgomery County Police Department ("MCPD") officers at the scene of his arrest – Timothy Bettis, Robert Johnson, Edward Drew, and Chris Murray – improperly pursued him from Montgomery County, Maryland into the District of Columbia, where they used excessive force during his arrest, broke his jaw, and failed to intervene to stop the alleged beating, in violation of the Fourth Amendment. ECF 1 at 6-7, Causes of Action III through VI.

Previously, Felder's allegations against Montgomery County Executive Leggett and MCPD Captain Jones for failing to train and supervise these officers to prevent violation of the "fresh pursuit" doctrine and curtail the use of excessive force during arrest (ECF 1 at 5-6, Causes of Action I and II) were dismissed on April 26, 2017, as were all allegations of constitutional wrongdoing, other than Felder's allegations of excessive force during arrest by defendant Officers Bettis, Johnson, Drew, and Murray.[1] ECF 18; ECF 19.

---

[1] These allegations were contained in Felder's Causes of Action III-VI.

On May 22, 2017, Bettis, Drew, Johnson, and Murray filed a motion for summary judgment (ECF 21), supported by a memorandum (ECF 21-1) (collectively, "Motion") and exhibits. On May 23, 2017, a Rule 12/56 notice was sent to Felder, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* ECF 23. In the notice, Felder was advised of his right to respond within seventeen days, and that failure to respond could result in dismissal of the case. Felder did not timely respond.

On August 10, 2017, two months after the deadline for Felder's response, he moved for an extension of time to respond (ECF 30), and four days later he filed his opposition response to the motion, ECF 32, which defendants seek to strike as untimely. ECF 34. The motion for extension of time is granted nunc pro tunc to August 14, 2017. I shall deny defendants' motion to strike.

Felder has also filed a motion for leave to file a supplemental complaint, citing Fed. R. Civ. P. 15(a) and 19(A) (concerning required joinder of parties). ECF 30. The proposed supplemental complaint is not attached to the motion, which contains no information or allegations against the defendants. Nor does the proposed supplemental complaint suggest why additional parties should be joined. Given this dearth of information, the motion is denied.

Felder has also moved twice for the appointment of counsel. ECF 25; ECF 35. As discussed, *infra*, I shall deny that motion.

No hearing is necessary to resolve the remaining Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion and enter judgment in favor of defendants.

**I. Factual Background**

As outlined in further detail in the Memorandum of April 26, 2017, on July 15, 2014, MCPD personnel met with the victim of a robbery who reported that an African-American male wearing dark clothing and a mask had accosted her with a handgun and stolen her purse and iPhone. With permission of the victim, an officer activated the "Find My iPhone" application,

and radioed the location of the stolen phone to other MCPD officers, several of whom converged on a vehicle driven by Felder and located in Washington, D.C. ECF 18 at 2-3.

While the vehicle was stopped, Corporal Haak ordered Felder to halt. When Felder ran, Haak and other MCPD officers pursued him. During the chase, Haak saw Felder reaching for his waistband, turning, and "squaring up" on the officers who, with guns drawn, ordered him to the ground. Felder paused, then ran again before being apprehended.

In plain view, through the car window, the police saw the victim's purse. A handgun was found where Felder "squared up" during the chase. A search of Felder's person led to the recovery of the victim's credit cards, but the iPhone was never recovered. *Id.* at 3. Felder claims that during this event he was assaulted by one or more officers and his jaw was broken in three places, while other officers did nothing to stop the attack. ECF 1 at 6-7. He seeks compensatory and punitive damages based on the alleged Fourth Amendment violation. *Id.* at 8-9.

In criminal proceedings held in the Circuit Court for Montgomery County, Felder moved to suppress the evidence recovered upon his arrest, on the basis that the arresting officers violated the Uniform Act on Fresh Pursuit, Md. Code, Crim. Proc. Art., § 2-204 *et seq.,* by arresting him in the District of Columbia, despite the fact that the robbery occurred in Maryland. He also argued that the police did not have probable cause to make a warrantless arrest. The motion was denied. Following a jury trial in that court, Felder was convicted of robbery and, on April 1, 2015, he was sentenced to fifteen years' imprisonment, with all but eight years suspended, and five years of supervised probation. ECF 18 at 3. He remains incarcerated within the Maryland Division of Correction and currently is housed at Jessup Correctional Institution.

## II. Appointment of Counsel

Felder has made two requests for the appointment of counsel. ECF 25; ECF 35. He asserts that his jailhouse lawyer can no longer assist him, he has unspecified mental health problems (ECF 25), and he is not knowledgeable in the law and thus cannot take a complex case to trial. ECF 35.

"A pro se prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, ___ Fed. App'x, ___, 2017 WL 5513206, at *2 (4th Cir. Nov. 17. 2017). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and an indigent claimant must present "exceptional circumstances." *See Kuplinski*, *id.* at *2; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

The allegations in the Complaint are well articulated, and appointment of counsel is not warranted. Therefore, the request is denied.

## II. Standard of Review

In the Motion, defendants seek summary judgment judgment under Fed. R. Civ. P. 56(a). Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011); *Putney v. Likin*, 656 Fed. App'x 632, 638 (4th Cir. 2016); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without

discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit …is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and

the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary," and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted); *see also Putney*, 656 Fed. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 Fed. App'x at 638.

Felder has not filed an affidavit under Rule 56(d). Instead, nearly six months after defendants' motion for summary judgment was filed, he has filed a motion to appoint counsel to obtain a medical expert to attest to the scope of his injuries and his need for ongoing medical treatment, and to conduct discovery to identify and "interview other officers who saw some or all of the misuse of force." ECF 35-1 at 2-3.

Felder's arguments are misplaced. Examination of all record evidence, including the criminal trial transcript, provides the identity of "Officer McGlamery" and Corporal Haak as the individuals involved to varying degrees in Felder's apprehension and arrest. Further, Bettis admits he struck Felder in the head or face with his foot, all defendants acknowledge Felder was taken to the hospital following his arrest,[2] and nobody disputes Felder's claim that his jaw was broken during the incident. Felder provides no detail as to any other injury, and fails to outline what, if any, additional treatment was required or will be required to repair his broken jaw. Felder thus demonstrates no need for an expert medical witness. His eleventh-hour submission

---

[2] *See, e.g.,* ECF 20, Defendants' Answer.

6

does not render defendants' Motion premature, nor does it suggest that more discovery is necessary.

In light of the foregoing, I am satisfied that it is appropriate to address defendants' Motion as one for summary judgment, as this will facilitate resolution of the case.

Summary judgment is governed by Fed. R. Civ. P. 56(a). It provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment.

*Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, conflicting evidence, if any, must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id*. at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

**IV. Discussion**

Section 1983 "creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution or laws of the United States." *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013); *see also Hensley v. Price*, __ F.3d ___, 2017 WL

8

5711029, at *3 (4th Cir. Nov. 17, 2017). However, § 1983 is not an independent source of substantive rights. Rather, it is "simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "from the perspective of a reasonable officer on the scene." *Id.* at 387.

The Constitution "does not require police to gamble with their lives in the face of a serious threat of harm." *Elliot v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996). To be sure, "noncompliance with police directives and nonviolent physical resistance do not necessarily create 'a continuing threat to the officers' safety.'" *Estate of Ronald H. Armstrong v. Village of Pinehurst*, 810 F.3d 892, 904 (4th Cir. 2016) (citation omitted). But, "the right to make an arrest carries with it the right to use the amount of force that a reasonable officer would think necessary to take the person being arrested into custody." *See Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988) (citing *Lester v. Chicago*, 830 F.2d 706, 712 (7th Cir. 1987).

Felder's complaint is not verified. In his opposition, he states that "factual disputes cannot be resolved without a trial," and "declare[s] under the penalty of perjury that the foregoing is true and correct." ECF 29 at 2-3. Such representation, without more, is not sufficient to defeat defendants' summary judgment Motion, which includes affidavits from each

defendant and relevant portions of the transcript of Felder's criminal trial, which provide further evidence that Felder's injuries – which Felder does not define or document -- came about as he struggled with Johnson and Bettis during the course of the lawful arrest of Felder. ECF 21-6, Johnson Affidavit, ¶¶ 4-9.

Bettis admits he kicked Felder in the head during the struggle because he believed Felder to be armed, somebody said Felder was going for his waistband," and Felder failed to submit to the arrest. ECF 21-8, Bettis Affidavit, ¶¶ 4-11. Drew confirms that he saw the incident as Drew ran towards the fray, reiterates that Felder was believed to be armed, and avers that after Felder was subdued, no additional force was used against him. ECF 21-9, Drew Affidavit, ¶¶ 4-10. Murray was not involved in the incident, as he stayed behind and located the gun that had been thrown. ECF 21-4, Murray Affidavit, ¶ 5.

None of the defendants denies the incident, and Felder himself admits that he was taken to the hospital after his arrest to receive treatment. ECF 35-1 at 1. The evidence demonstrates that defendants used only reasonable force against Felder to effectuate his lawful arrest. Accordingly, defendants' Motion shall be granted by separate Order.

Date:  December 6, 2017 _____/s/_____
                                                                             Ellen L. Hollander
                                                                             United States District Judge