# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MAURICE MARKELL FELDER,  *

Plaintiff  *

v  *  Civil Action No. ELH-16-3469

Officer TIMOTHY BETTIS,  *
Officer ROBERT JOHNSON,
Officer EDWARD DREW,  *
Officer CHRIS MURRAY,
*In their individual and official capacities*  *

Defendants  *

***

## MEMORANDUM

On January 5, 2018, self-represented plaintiff Maurice Felder signed a "Motion for Extension of Time" ("Motion"). It was docketed on January 11, 2018. ECF 39. Felder requests additional time in which to file a motion for reconsideration of the court's disposition on summary judgment. ECF 37; *see also* ECF 21. The Court's Order was docketed on December 6, 2017. Alternatively, Felder asks the Court to construe his motion as a notice of appeal. ECF 39.

As the Fourth Circuit has pointed out, the Federal Rules of Civil Procedure do not provide for a post-judgment "motion for reconsideration." Rather, "they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Moreover, the Fourth Circuit has held that such a motion should be analyzed under Rule 59(e) only if it was filed no later than 28 days after entry of the adverse judgment and seeks to correct that judgment. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789,

797 (4th Cir. 1996)); *see also Vaughan v. Murray,* No. 95-6081, 1995 WL 649864, at *3 n. 3 (4th Cir. Nov.6, 1995). If filed after the 28 day period has elapsed, the motion is considered under Rule 60(b).

Felder's motion was filed more than 30 days after the dispositive ruling, and thus is construed under Rule 60, which permits relief from a judgment or order of this court in order to correct clerical mistakes; oversights and omissions (*see* Fed. R. Civ. Proc. 60(a); or for reasons that include (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)).

It is within this court's discretion to grant or deny a motion filed pursuant to Rule 60(b). *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). The rule does not contemplate its substitution for appellate review of a district court's decision. To the extent a party is aggrieved by a judgment and asserts it is void, Rule 60(b) is not the proper vehicle to mount that challenge. "'[A] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (quoting *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir. 1992)).

To be entitled to relief under Rule 60(b), the movant must demonstrate the motion is timely; that he or she has a meritorious claim or defense; and that the opposing party will not suffer unfair prejudice if the judgment is set aside. The party must also satisfy one of six

enumerated grounds for relief under Rule 60(b). *See United States v. Welsh,* ___ F.3d ___, 2018 WL 386658 at *2 (4th Cir. January 12, 2018); *Compton v. Alton Steamship Co.*, 608 F. 2d 96, 102 (4th Cir. 1979). When the motion is based on Rule 60(a), (b) or (c), assertions of fraud, misrepresentation, misconduct, or newly discovered evidence, the movant "must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981). Such is not the case here, nor is the judgment void under Rule 60(b)(4).

Further, Felder has failed to satisfy the standard for granting a motion under rules 60(b)(5) or 60(b)(6). As previously articulated in the court's Memorandum of December 6, 2017 (ECF 36), the unverified Complaint contains allegations that were insufficient to defeat defendants' summary judgment motion, which includes affidavits from each defendant and relevant portions of the transcript of Felder's criminal trial. Nothing in his Motion provides reason to conclude the court erred in its judgment. Further, he fails to suggest an intervening change in controlling law or other grounds warranting reconsideration in this case.

Therefore, I shall deny the Motion. An Order follows.


Date: January 17, 2017                                    _____/s/_____
                                                          Ellen L. Hollander
                                                          United States District Court

3